No. 807

FEDERAL COURTS

CINCI., N. O. & T. P. RY. CO. v. FIDELITY
& DEP. CO.

U. S. Appeals, Sixth Circuit

No. 3917. Decided March, 4, 1924

951. PRINCIPAL AND SURETY—1. Compliance with provision in surety contract for taking over work of contractor held condition precedent.

2. Railway contractor's surety held entitled to insist that certificate of railway's engineer comply with contract.

1227. WORDS AND PHRASES—"Certificate of engineer, as respects construction contract, defined.

480. EVIDENCE—Unsigned copy of letter to contractor's surety held not compliance with contract requirement for engineer's "Certificate."

ROSS, D. J.                    Epitomized Opinion
        Published Only in Ohio Law Abstract

The Cin., N. A. & T. P. Ry. Co. entered into a contract with the Sheahan Construction Co. for the building of a little more than six miles of track in Tennessee. The Fidelity & D. Co. executed a bond in the sum of $20,000 to guarantee performance of contract by the construction company. In 1918 railway company, in the exercise of what it deemed to be its right under the contract, took charge of the work and completed the undertaking at a cost greatly in excess of the contract price. It thereupon instituted this proceeding to recover from surety company the amount of the bond. The evidence disclosed that the only thing that the railroad company did was to send a letter to the surety company advising it that the contract was not progressing satisfactorily, while the contract provided that the railway's chief engineer of construction should certify that the contract was not progressing satisfactorily. Judgment was rendered for the surety company, whereupon the railway company prosecuted error. In affirming the judgment of the lower court the U. S. Court of Appeals held:

1. Under a contract for the construction of a railway track, compliance with the requirement that railway's chief engineer of construction certify to the railway that the contract was not progressing satisfactorily, and that the contractor was in default, held a condition precedent to railway's exercise of the right to take over and complete the contract on contractor's account.

2. No particular legal phraseology or technical form was necessary to constitute a "certificate" under a contract for the construction of a railway track, giving railway the right to take over and complete the work on certificate of its chief engineer that the con-

tractor was not progressing satisfactorily or was in default; a "certificate" being a writing giving assurance that a thing has or has not been done, that a fact exists or does not exist (citing Words and Phrases, First and Second Series, "Certificate").

3. The contract was not complied with by merely sending a letter to the contractor's surety that the contractor was not progressing satisfactorily in calling upon surety to take over the contract.

4. Where a contract for constructing a railway track gave railway the right to take over and complete the work, contractor's surety had the right to insist on certification by railway's chief engineer of construction that the work was not progressing satisfactorily, in substantial compliance with the contract, before surety could be held liable.

Attorneys—Edward Colston, for Cincinnati Ry. Co.; James G. Stewart, for Fidelity & Dep. Co.; all of Cincinnati.